O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DELTA ENTERTAINMENT CORPORATION<br>THOMAS S. PACCIORETTI as liquidating trustee for DELTA ENTERTAINMENT CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>STARCREST OF CALIFORNIA, INC.,<br><br>        Defendants. | Case No. CV 09-05301 DDP<br><br>**[USBC Number LA07-16302-EC]**<br><br>**ORDER REVERSING DECISION OF BANKRUPTCY COURT AND DISMISSING ADVERSARY PROCEEDING** |

    This matter is before the court on an appeal from a decision by the United States Bankruptcy Court. After reviewing and considering the materials submitted by the parties, the court reverses the bankruptcy court decision and dismisses the adversary proceeding.

cc: **US Bankruptcy Court** and the **US Trustee's Office**

## I. Background

In 2008, after filing a Chapter 11 bankruptcy petition, Delta Entertainment Corporation confirmed a liquidation plan and created a liquidating trust. ER 338. Broadway Advisors, LLC ("Broadway") was named Liquidating Trustee ("Trustee"). (Id.)

Thomas S. Paccioretti ("Paccioretti") is Broadway's principal and sole shareholder. (ER 338). Plaintiff, "Thomas S. Paccioretti as liquidating trustee for Delta Entertainment Corporation" brought an adversary proceeding against Defendant Starcrest of California, Inc. ("Starcrest"). (ER 84). At no point, however, was Paccioretti named Trustee.

In February 2009, Starcrest moved for judgment on the pleadings, contesting Paccioretti's standing. (ER 118). The bankruptcy court observed that "the correct Trustee is obviously free to file a new action," and dismissed the adversary proceeding for lack of jurisdiction.[1] (ER 37, 368).

Broadway, the correct Trustee, did not file a new action, but did file a motion for reconsideration of the bankruptcy court's order dismissing the adversary proceeding. (ER 331). The bankruptcy court granted Broadway's motion (ER 57-62, 396), and granted Paccioretti's subsequent motion to amend to substitute Broadway as Plaintiff. (ER 563). Starcrest filed a motion for reconsideration, (ER 400), which was denied. (ER 517). Starcrest timely filed two Notices of Appeal regarding the denial of its

---

[1] The bankruptcy court also denied Paccioretti's motion to amend to substitute in Broadway as Plaintiff. (ER 361-362.)

2

motion for reconsideration and the bankruptcy court's order granting Paccioretti leave to substitute in Broadway.

## II. Jurisdiction

This court has the discretion to grant leave to appeal interlocutory orders. 28 U.S.C. § 158(a). This court may consider a notice of appeal as a motion for leave to appeal. Fed.R.Bankr.P. 8003(c). In considering whether leave should be granted, the court looks to 28 U.S.C. 1292(b). In re Sperna, 173 B.R. 654, 658 (9th Cir. BAP 1994). Because there is a substantial ground for difference of opinion regarding Paccioretti's standing, and because resolution of the jurisdictional question will materially advance the termination of this litigation, this court construes Starcrest's Notices of Appeal as motions for leave to appeal, grants the motions, and proceeds to the merits.

## III. Standard of Review

The bankruptcy court's conclusions of law are reviewed de novo, while its findings of fact are reviewed for clear error. Blausey v. United States Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009)(citing In re Salazar, 430 F.3d 992, 994 (9th Cir. 2005)). This court may affirm on any ground supported by the record. Thrifty Oil Co. v. Bank of America, Nat'l Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003).

## IV. Discussion

The parties do not dispute that Paccioretti was not, and is not, the Trustee. The issue before the court is whether the bankruptcy court had subject matter jurisdiction over the adversary proceeding filed by Paccioretti.

///

1    Lack of Article III standing is a jurisdictional defect.
2 <u>Renne v. Duncan</u>, 623 F.3d 787, 796 (9th Cir. 2010).  Standing
3 requires that three essential elements be met, the first of which
4 is that "the plaintiff must have suffered an 'injury in fact.'"
5 <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).
6 Nevertheless, Paccioretti argues that "constitutional standing does
7 not require the injury in fact have actually occurred to the party
8 bringing the suit."  (Appellee's Brief at 10).
9    The court disagrees.  At a constitutional minimum, "the
10 plaintiff himself [must have] suffered some threatened or actual
11 injury . . . ."  <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975).  Even
12 then, however, a plaintiff must also assert his own rights, not
13 those of third parties.  <u>Id.</u>  This "prudential standing"
14 requirement operates in addition, not as an alternative, to the
15 constitutional standing requirement.  <u>Dunmore v. United States</u>, 358
16 F.3d 1107, 1112 (9th Cir. 2004).  While defects in jurisdictional
17 standing may be curable, <u>id.</u>, Article III standing is a threshold
18 jurisdictional prerequisite central to subject matter jurisdiction.
19 <u>Bates v. United Parcel Service, Inc.</u>, 511 F.3d 974, 985 (9th Cir.
20 2007) (en banc); <u>Gerlinger v. Amazon.com Inc.</u>, 526 F.3d 1253, 1255.
21    The facts in this case are somewhat similar to those in
22 <u>Dunmore</u>.  In <u>Dunmore</u>, a pro se plaintiff sued for a refund of his
23 alleged tax overpayments following a personal bankruptcy.  <u>Dunmore</u>,
24 358 F.3d at 1109.  The overpayments, however, belonged to the
25 bankruptcy estate, not to Dunmore individually.  <u>Id.</u>  The defendant
26 therefore moved to dismiss Dunmore's complaint for lack of
27 prudential standing.  <u>Id.</u> at 1110.
28 ///

4

The Ninth Circuit found that Dunmore did have <u>constitutional</u> standing, for he himself had suffered an injury in fact traceable to the defendant and redressable by the court. <u>Id.</u> at 1112. The court agreed, however, that Dunmore lacked prudential standing, and that the bankruptcy estate, not Dunmore himself, was the real party in interest. The court therefore remanded for a determination whether the defect in prudential standing was curable. <u>Id.</u> at 1112-1113.

A plaintiff who is not the real party in interest may, therefore, lack prudential standing while possessing constitutional standing. Here, however, there is no evidence in the record that Paccioretti suffered any injury in fact, nor has he alleged that he himself suffered any injury. Contrary to Paccioretti's argument, <u>Dunmore</u> does not stand for the proposition that a plaintiff has constitutional standing to assert claims based on injuries suffered by third parties. <u>See</u> <u>also</u> <u>Warth</u>, 422 U.S. at 501 (Regardless whether prudential standing exists, "Art[icle] III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself . . . ."); <u>Elk Grove Unified School Dist. v. Newdow</u>, 542 U.S. 1, 12 (2004) ("The Article III limitations are familiar: The plaintiff must show that conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress.").

Having concluded that Paccioretti lacks constitutional standing, the court need not address his contention that the bankruptcy court properly allowed him to cure prudential and real party in interest defects. (Appellee's Opening Brief at 9, 11, 14, 19). <u>See</u>, <u>e.g.</u> Fed.R.Civ.P. 82 ("These rules do not extend . . .

5

the jurisdiction of the district courts . . . .); <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1165 (9th Cir. 2002) (Rule 15 may not be used to extend jurisdiction); <u>Davis v. Yageo Corp.</u>, 481 F.3d 661, 678 ("[W]hether or not [plaintiff] was the real-party-in-interest, it does not have standing, and it cannot cure its standing problem through an invocation of Fed.R.Civ.P. 17(a).").

**IV.  Conclusion**

For the reasons stated above, the bankruptcy courts grant of reconsideration and leave to amend are REVERSED.  Because the court lacks subject matter jurisdiction over Pacioretti's claim, the adversary proceeding is DISMISSED.

IT IS SO ORDERED.

Dated: December 20, 2011

DEAN D. PREGERSON
United States District Judge

6